THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL L. EDINBURG, Appellant, v. JOHN N. HARMON, Sheriff of Kings County, and Another, Respondents.— Order affirmed on argument, with ten dollars costs and disbursements. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GLADYS S. BRUCKNER, Appellant, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, and Others, Respondents.— Final order unanimously affirmed, without costs. Subdivision (e) of section 7 of the Building Zone Resolution, enacted July 25, 1916, was amended December 21, 1917. It authorized the board of appeals to permit " in a business district the erection or extension of a garage  *  *  *  in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles  *  *  * at the time of the passage of this resolution."*    That time, we are constrained to hold, was when the amendment was adopted, namely, December 21, 1917, on which date there is no dispute that there was an existing garage between the streets here in question. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM J. WEINSTEIN, Appellant, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, and Another, Respondents.— Final order unanimously affirmed, without costs, on authority of *People ex rel. Bruckner* v. *Walsh (ante,* p. 909), decided herewith. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

ROBERT ROTHMAN, Appellant, v. LEVI & SELIGMAN, INC., Respondent.— Order denying motion for preference affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Kelby and Young, JJ., concur; Kapper, J., votes to dismiss the appeal on the ground that the order is not appealable, the interpretation of rule 10† being exclusively for the justice presiding in Part I, Trial Term. Such rule was not made by the Appellate Division, nor made pursuant to any statutory authority, but was made solely by the justices residing in Kings county, as an administrative measure to facilitate and dispatch their work.

---

* See Minutes Bd. Est. & Apport. City of New York 1916, vol. 5, pp. 4245, 4246; Id. 1917, vol. 8, p. 7422; Cosby's Code of Ordinances (Anno. 1922), pp. 585, 586. —[REP.

† See Supreme Court Trial Term Rules, Kings County, rule 10.— [REP.